UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

BENNIE L. GAMBLE, JR., )
)
    Petitioner, )
)
v. ) No. 5:13-CV-270-KKC-REW
)
DON BOTTOM, Warden, ) RECOMMENDED DISPOSITION
)
    Respondent. )
)

\* \* \* \* \* \* \* \* \* \*

On August 22, 2013, the Court received *pro se* Petitioner Bennie L. Gamble, Jr.'s Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. *See* DE #1 (Petition). Gamble states that he is an inmate at the Northpoint Training Center, and he purports to challenge his 1999 state conviction in McCracken Circuit Court. *Id.*

This matter should be transferred to the Western District. Under Local Rule 3.2(b) of the Joint Local Rules of Civil Practice for the United States District Courts of the Eastern and Western Districts of Kentucky, a "state habeas corpus petition shall be assigned to the jury division that includes the court . . . in which the challenged judgment, conviction or order was rendered." McCracken Circuit Court lies within the Paducah Division of the Western District of Kentucky. *See* LR 3.1(b)(4); LCrR 18.1(b)(4). Thus, the local rules support transfer. Further, since Petitioner attacks a conviction that occurred geographically in the Western District of Kentucky, and to the extent the underlying state merits matter, that district offers a more appropriate forum. *See Braden v. 30th Judicial Circuit of Kentucky*, 93 S. Ct. 1123, 1131-32 (1973); *Berry v. Berghuis*,

No. 2:08-CV-12987, 2008 WL 4403744, at *1 (E.D. Mich. Sept. 25, 2008) (transferring section 2254 matter in the interest of justice, where the petition had been erroneously filed in the wrong forum).

The Court notes that this is the third § 2254 petition Gamble has filed in this District in as many years. *See* Case No. 7:12-CV-76-ART; Case No. 7:11-CV-145-GFVT-JGW. Both of Gamble's prior § 2254 petitions were transferred from this District to the Western District.[1]

Accordingly, for the reasons stated above, the Court **RECOMMENDS** that Gamble's § 2254 petition and associated pleadings be **TRANSFERRED** to the United States District Court for the Western District of Kentucky, Paducah Division, for further consideration. The interests of justice support the transfer per 28 U.S.C. § 1406(a).[2]

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *Thomas v. Arn*, 106 S. Ct. 466 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

---

[1] A search of the Public Access to Court Electronic Records ("PACER") website shows that Gamble also has filed multiple § 2254 petitions in the Western District.

[2] The Court transfers this with anticipation that the Western District likely would again send the case to the Sixth Circuit based on successiveness grounds. *See* Paducah Case No. 5:13-CV-00052-TBR, DE #5 (W.D. Ky. Apr. 11, 2013). The Court contemplated direct transfer to the Sixth Circuit, but in the unlikely event the Circuit would permit the petition, venue in the appropriate district would be necessary.

This the 12th day of September, 2013.

Signed By:
Robert E. Wier  REW
United States Magistrate Judge